UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SIM WILLIAMS,

       Plaintiff,

  -against-

CITY OF NEW YORK, OWEN HOPPER, JEREMIAH WILLIAMS, DAVID BONACARTI, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

       Defendants,

------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 Civ. 9630 (DLC)

Jury Trial Demanded



  Plaintiff SIM WILLIAMS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  At all relevant times plaintiff SIM WILLIAMS, an African American male, was a resident of the Bronx County in the City of New York, and State of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants, OWEN HOPPER, JEREMIAH WILLIAMS, DAVID BONACARTI, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 10, 2007, at about 10:00 p.m., plaintiff SIM WILLIAMS was a lawful pedestrian on Holland Avenue, between Rosewood Avenue and Burke Avenue, in the County of the Bronx, City and State of New York. At the aforesaid time and place, the defendants, members of the New York City Police Department, without reasonable suspicion or probable cause, stopped and detained plaintiff, and illegally strip searched plaintiff by pulling plaintiff's pants and underwear down causing plaintiff to be exposed in public view. Thereafter, the defendants repeatedly struck plaintiff on his leg, head and ribs with a collapsible baton, and slammed plaintiff to the ground. The defendants handcuffed plaintiff and transported plaintiff to an NYPD precinct. Upon arrival at the precinct, the defendants dragged plaintiff out of the police vehicle causing plaintiff to fall to the ground. The defendants dragged plaintiff along the ground, and slammed plaintiff into a wall, a door, and into a holding cell's bars. Thereafter a prosecution was commenced against plaintiff based on legal process issued by the defendants based on the false allegations of the NYPD police officers defendants made for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above described illegal conduct. Plaintiff was arraigned on drug possession charges that were based on the statements of the defendants to the Bronx County District Attorney's Office. Plaintiff was initially incarcerated for approximately seventeen days. After his release from jail in late August 2007, plaintiff was compelled to defend the aforementioned prosecution by

repeatedly returning to Court on numerous occasions until on or about December 3, 2008, when, upon information and belief, all charges against plaintiff were dismissed and sealed.

14. On January 12, 2008, at about 9:45 p.m., plaintiff SIM WILLIAMS was a lawful pedestrian in front of 3215 Holland Avenue, in the County of the Bronx, City and State of New York. At the aforesaid time and place, one of the police officer defendants from the August 10, 2007 incident described above, approached plaintiff and illegally searched plaintiff. Thereafter, the defendant told plaintiff to just plead guilty to the charges filed against plaintiff following the August 10, 2007 incident. Thereafter, a police officer defendant issued plaintiff summons # 407035781-6 charging plaintiff with disorderly conduct. Upon information and belief, the summons was dismissed and sealed in Bronx County Criminal Court.

15. All of the above occurred while other NYPD officer defendants failed to intervene in the illegal conduct described herein.

16. As a result of the foregoing, plaintiff SIM WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff SIM WILLIAMS of the rights,

privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The level of force employed by the defendants on August 10, 2007 was excessive, objectively unreasonable and otherwise in violation of plaintiff SIM WILLIAMS' constitutional rights.

25. As a result of the aforementioned conduct of defendants, plaintiff SIM WILLIAMS was subjected to excessive force and sustained physical injuries on August 10, 2007.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants arrested plaintiff SIM WILLIAMS on August 10, 2007 and again on January 12, 2008, without probable cause or privilege, causing him to be detained against his will for an extended period of time and/or subjected to searches of his person and/or physical restraints.

28. As a result, plaintiff's right to be free from false arrest was violated.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SIM WILLIAMS in Bronx criminal court in connection with the arrest of August 10, 2007 and the summons issued on January 12, 2008.

31. Defendants thereby violated plaintiff's right to be free from malicious prosecution.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants issued criminal process against plaintiff SIM WILLIAMS by causing him to be arrested and prosecuted in a criminal court following the arrest of August 10, 2007 and

the summons issued on January 12, 2008.

34. Defendants caused plaintiff SIM WILLIAMS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and use of excessive force, and thereby violated plaintiff's right to be free from malicious abuse of process.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Unlawful Stop, Search and Seizure under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The defendants unreasonably stopped and searched plaintiff in a manner tantamount to a public strip search, in the absence of reasonable, individualized suspicion that plaintiff was in possession of weapons or contraband or any other justification.

37. As a result of the foregoing, plaintiff SIM WILLIAMS was deprived of his right to be free from unreasonable searches and seizures by law enforcement officers.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants had an affirmative duty to intervene on behalf of plaintiff SIM WILLIAMS, whose constitutional rights were being violated in their presence by other officers in connection with aforementioned events of August 10, 2007 and January 12, 2008.

40. The defendants failed to intervene to prevent the unlawful conduct described herein.

41. As a result of the foregoing, plaintiff SIM WILLIAMS was put in fear of his

7

safety, he was humiliated, and subjected to unjustified physical abuse.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching and seizing citizens of African American descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SIM WILLIAMS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been

deliberately indifferent to, the acts and conduct complained of herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SIM WILLIAMS.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SIM WILLIAMS as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SIM WILLIAMS as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SIM WILLIAMS was stopped, searched, imprisoned, prosecuted and subjected to physical abuse.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SIM WILLIAMS' constitutional rights.

52. All of the foregoing acts by defendants deprived plaintiff SIM WILLIAMS of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from malicious abuse of process;

    C.    To be free from false arrest;

    D.    To be free from unlawful imprisonment;

    E.    To be free from malicious prosecution;

    F.    To be free from the failure to intervene; and

      G.    To be from unlawful searches.

53. As a result of the foregoing, plaintiff SIM WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Within ninety (90) days after the August 12, 2007 claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

56. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

57. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

58. Plaintiff has complied with all conditions precedent to maintaining the instant action.

59. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. As a result of the foregoing, plaintiff SIM WILLIAMS was placed in apprehension of imminent harmful and offensive bodily contact on August 12, 2007.

62. As a result of defendant's conduct, plaintiff SIM WILLIAMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants made offensive contact with plaintiff without privilege or consent on August 12, 2007.

65. As a result of defendant's conduct, plaintiff SIM WILLIAMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under New York State Law)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants arrested plaintiff SIM WILLIAMS on August 10, 2007 and again on January 12, 2008, without probable cause or privilege, causing him to be detained against his will for an extended period of time and/or subjected to searches of his person and/or physical restraints.

68. As a result, plaintiff's right to be free from false arrest was violated.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under New York State Law)

69.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.  Defendants initiated, commenced and continued a malicious prosecution against plaintiff SIM WILLIAMS in Bronx criminal court in connection with the arrest of August 10, 2007 and the summons issued on January 12, 2008.

71.  Defendants thereby violated plaintiff's right to be free from malicious prosecution.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

72.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.  Defendants issued criminal process against plaintiff by causing him to be arrested, arraigned and prosecuted in criminal court following the arrest of August 10, 2007 and the summons issued on January 12, 2008.

74.  Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

75.  Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SIM WILLIAMS.

80. As a result of the aforementioned conduct, plaintiff SIM WILLIAMS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the physical abuse of plaintiff SIM WILLIAMS.

83. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in

13

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff SIM WILLIAMS.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**WHEREFORE**, plaintiff SIM WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of their action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 19, 2009

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main St., Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                                BRETT H. KLEIN (BK4744)

                                        Attorneys for Plaintiff SIM WILLIAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

SIM WILLIAMS,

                                                    Plaintiff,                      08 CV 9630 (DLC)

    -against-

CITY OF NEW YORK, ET AL.,

                                               Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Sim Williams
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100